COMPUTING SCALE CO. v. KEYSTONE STORE-SERVICE CO. et al.

(Circuit Court of Appeals, Third Circuit. May 9, 1900.)

1. PATENTS—INFRINGEMENT—COMPUTING SCALES.
    The Pitrat patent, No. 385,005, for improvements in weighing and price scales, claim 12, construed, and *held* not infringed.

2. SAME.
    The Culmer patent, No. 486,663, for improvements in computing scales, claim 1, *held* not infringed.

Appeal from the Circuit Court of the United States for the Western District of Pennsylvania.

Melville Church, for appellant.

H. H. Bliss and John R. Bennett, for appellees.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

ACHESON, Circuit Judge. The bill in this case was brought by the Computing Scale Company against the Keystone Store-Service Company and J. W. Culmer, and was based upon the alleged infringement of three letters patent, namely: No. 385,005, granted on June 26, 1888, to Julius E. Pitrat, for improvements in weighing and price scales; No. 486,663, granted on November 22, 1892, to John W.

Culmer, for improvements in computing scales; and No. 490,518, granted on January 24, 1893, to John H. Swihart, for an improved computing scale. Before the final hearing in the court below the complainant withdrew the charge of infringement as to the Swihart patent, and thereafter pressed for a decree upon the twelfth claim only of the Pitrat, and upon the first claim only of the Culmer, patent. The court held that no infringement of either of these claims was shown, and dismissed the bill. 88 Fed. 788.

The Pitrat patent has no less than 15 claims, but this appeal concerns only the twelfth, which reads thus:

"(12) The combination with the price beam, having its left branch slotted, of the head block having the rod, e, pivotally connected therewith, and mounted in said slot, whereby the pivotal supports of the beam and rod, e, may be brought into alignment, as and for the purpose described."

The parties and their respective experts differ as to the meaning of this claim, with particular reference to the words, "whereby the pivotal supports of the beam and rod, e, may be brought into alignment, as and for the purpose described."

On behalf of the complainant, it was contended in the court below, and it is urged here by the appellant, that the alignment contemplated in and by this twelfth claim is the horizontal alignment of three knife-edged bearings, namely, the knife-edged pivot by which the rod, e, is connected to the head block, the knife edge on which the beam is fulcrumed, and the knife edge from which the poise is hung at the outer or goose-neck end of the beam. But such alignment was very old, and was universally recognized as a necessity in all scales. It seems quite improbable, therefore, that the inventor in framing this specific claim had in his mind this horizontal alignment. Indeed, there was no reason for his mentioning a result which was usual and obvious. Moreover, the alignment named in the claim does not embrace the poise pivot at the outer end of the beam, but is confined to the pivotal supports of the beam and rod, e. Again, the language, "may be brought into alignment," implies the manipulation of the parts when the scale is in actual use, rather than a permanent feature of construction. Still further, the specification is altogether silent as to the suggested horizontal alignment. In this connection reference may be made to a significant passage in the appellant's brief, which sets forth that the twelfth claim "is for a combination of mechanism for effecting a certain result, which is stated in the claim itself, but nowhere else in the specification of the patent."

The appellees, however, confidently point to a paragraph in the specification of the patent which they insist relates to the invention intended to be covered by the twelfth claim. That paragraph is as follows:

"While in some cases it may be advantageous to have the main and supplemental beams in different vertical planes, as shown most clearly by Figs. 1 and 3, yet for general use, simplicity, and economy of construction, and compactness of arrangement, it has been found expedient to devise the construction and arrangement shown in Figs. 14 and 15, which show the main and supplemental beams in the same vertical plane, and the one above the other.

By this construction the two beams can be readily made integral, and the weight is equally distributed on the two pivotal supports, and the tendency of the beam to tip sidewise is obviated. The pivotal support, O, is bow-shaped, thereby allowing the head block to reach the center of the beam or come in line with the pivotal supports, which permits computation to be made at the lowest desired rate per pound,—a thing not attainable by the construction first described."

Now, the form of scale illustrated by Figs. 14 and 15, and described in the clause of the specification just quoted, contains a bow-shaped beam fulcrum, which permits the head block to come into transverse alignment with the fulcrum pivots. The descriptive language of the specification here is: "The pivotal support, O, is bow-shaped, thereby allowing the head block to reach the center of the beam, or come in line with the pivotal supports." The appellees maintain, with great force of argument, that the transverse alignment thus shown and described is what is meant by the language of the twelfth claim, namely, "whereby the pivotal supports of the beam and rod, e, may be brought into alignment, as and for the purpose described." The court below gave this construction to the claim. Our own investigations have led us to the same conclusion. Certainly there are very great difficulties, as we have already seen, in adopting the construction of horizontal alignment which the appellant urges upon us. On the other hand, the rendering which makes the claim refer to a transverse alignment of the pivotal supports of the beam and rod, e, not only perfectly accords with the terms employed in the claim, but is sustained by the only appropriate descriptive matter to be found in the specification of the patent.

We have but to add that, upon this construction of the claim, it is not contended that there was any infringement of it by the appellees.

The claim of the Culmer patent here involved is as follows:

"(1) The combination, with the computing beam and the weight beam, of a rod connecting said beams, having a flexible joint between such connections, whereby said rod will adapt itself to the variations in the vibrations of the said beams in the efficient working of the scale, substantially as described."

It is very certain that the relation of this patent to the scale-making art is not such as to entitle the claim in question to a construction covering devices which do not come within its specific terms. The improvements disclosed by the patent have no primary characteristics. The elements of the combination of the first claim are the computing beam, the weight beam, and an intervening rod having a flexible joint, and connecting the two beams. The construction and function of this flexible or jointed coupling for the two beams are set forth in the specification thus:

"The upper portion of the rod, 18, is provided with a suitable bearing, 19, and above this bearing the rod terminates with the jointed connection, which in Fig. 4 is made by a slot standing in the line of the beam, and a pin, 20, which pivots the lower tongued end of the coupler rod, 28, in said slot, so that said rod may rock upon said pin, 20, sufficiently to permit of the difference between the greater and the less arcs described by the value beam and the fixed arc described by the weighing beam. For this purpose an alternative form of joint is shown in Fig. 12. In this joint the pivots, 49, pass through

the stirrup bearings in a link, 192, which forms the upper end of the rod, 13. The top of this link is bored out vertically for the reception of the coupler rod, 28, the lower end of which has its bearings in the convex nuts, 70, 70, and the motion in this case is a limited one in any direction."

Now, it is plain, as well by the description contained in the specification as from the explicit terms of the claim itself, that this invention resides in the employment of a single flexible or jointed rod interposed between the two beams, and connecting them.

The appellees do not use this device or its equivalent. Their devices are substantially different. In their scales the two beams are independently connected with the platform levers. The appellees employ two entirely separate connecting devices, one extending from the platform system to the weight beam, and the other extending from the platform system to the computing beam. The court below rightly held that infringement of the first claim of the Culmer patent was not shown. The decree of the circuit court is affirmed.